**HOOKER v. HOEY, Collector of Internal Revenue.**

District Court, S. D. New York.

Jan. 24, 1939.

490

Thomas Kiernan and Holt S. McKinney, both of New York City, for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (Dolores C. Faconti, Asst. U. S. Atty., of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The action is one to recover an alleged overpayment of income tax for the year 1933. The plaintiff's grievance, as stated in his complaint, is that he received in 1933 the sum of $11,250 as an annuity, that the aggregate consideration paid for the annuity had not yet been received by him, that consequently the item did not constitute taxable income under the Revenue Act of 1932. The collector moves for summary judgment under Rule 56, 28 U.S.C.A. following section 723c. His moving papers set forth in detail the facts on which the plaintiff's claim is based, facts which rest on writings and are undisputed.

The plaintiff is a former employee of Vacuum Oil Company. · He retired from active service in 1924, and by resolution of the board of directors was awarded, in view of his "thirty-nine and one-third years in continuous service", the sum of $937.50 monthly ($11,250 yearly) for life under the company's Annuity Plan, "the same being equivalent to the 75% of his compensation for the twelve months preceding retirement." The Annuity Plan, so called, had been adopted some years earlier. It provided that all employees on reaching a certain age or length of service might retire on a regular allowance, subject to approval of the board of directors; that the basis of the allowance was to be a percentage of the annual salary or wages, not to exceed 75 percent; that the "annuity" should be paid for life; that the "annuities" were granted "as a voluntary reward for and in appreciation of faithful and efficient service." No separate fund for payment of the allowances was set up. The plaintiff from 1924 to 1931 received $11,250 annually from Vacuum Oil Company. In 1931 Vacuum Oil Company sold and transferred all its property to Standard Oil Company of New York, the latter company assuming all obligations and liabilities and issuing shares of its own stock to the Vacuum stockholders. From that time forward Standard Oil Company of New York, under its new name of Socony Vacuum Corporation, made the payments to the plaintiff, including the $11,250 paid in 1933 which the plaintiff claims in this action to have been immune from income tax.

The plaintiff's receipt of $11,250 a year comes primarily from the action of Vacuum Oil Company, his former employer, in placing him under its retirement allowance plan in 1924. That plan was dignified by the title "Annuity Plan", but the name is of no particular importance. It was manifestly a pension plan, a retiring allowance plan, and the payments made under it were payments of pensions or retiring allowances. A pension is "a stated allowance or stipend made in consideration of past services or of the surrender of rights or emoluments, to one retired from service." Webster's · New International Dictionary. It cannot be doubted that pensions or retiring allowances paid because of past services are one form of compensation for personal service and constitute taxable income to the recipients under section 22(a) of the Revenue Act of 1932, 26 U.S.C.A. § 22(a), as well as under equivalent provisions of earlier and later acts, save where specifically exempted by some provision of law. The regulations of the Treasury Department, from 1918 down to date, have declared "pensions or retiring allowances" to be taxable income. The force given to long established regulations in determining the intent of Congress when it reenacts provisions of the internal revenue laws is too well settled to call for discussion. Zellerbach Paper Co. v. Helvering, 293 U.S. 172, 55 S.Ct. 127, 79 L.Ed. 264; Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756. The courts have repeatedly held that additional compensation for past services is taxable income. Noel v. Parrott, 4 Cir., 15 F.2d 669; Weagant v. Bowers, 2 Cir., 57 F.2d 679; Fisher v. Commissioner, 2 Cir., 59 F.2d 192; Bass v. Hawley, 5 Cir., 62 F.2d 721. See also Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 730, 49 S.Ct. 499, 73 L.Ed. 918. All that happened in 1931, so far as concerned the plaintiff, was that Socony Vacuum Corporation took the place of Vacuum Oil Company as payor of his pension or retiring allowance. The character of the payments was not changed. They were still compensation to the plaintiff for services he had rendered in the past and were still taxable income.

The plaintiff's argument is that the case is one of an annuity. Section 22(b) (2) of the 1932 Act, 47 Stat. 178, 26 U.S. C.A. § 22 note, excluded from gross income amounts received "under a life insurance, endowment, or annuity contract", with the proviso that "if such amounts (when added to amounts received before the taxable year under such contract) exceed the aggregate premiums or consideration paid (whether or not paid during the taxable year) then the excess shall be included in gross income." The plaintiff says that the contract whereby Socony Vacuum Corporation assumed all obligations of Vacuum Oil Company is an "annuity contract", that the transfer of the Vacuum Oil Company assets to Socony Vacuum Corporation is "consideration paid" for the annuity contract, and that it must be taken for granted that a portion of those assets equivalent to the worth in 1931 of an annuity of $11,250 yearly to a man 68 years of age (which worth by mortality tables is $79,186.46) was transferred in consideration of the transferee's promise to pay the annuity. If the premises are sound, then there is no taxable income until the plaintiff shall have received $79,186.46 in payments since 1931. But the unsoundness of the premises is obvious. In the first place, the plaintiff has no annuity, within the meaning of that word in section 22(b) (2). He has a pension or retirement allowance, taxable under section 22(a) of the Act as already shown. The exemption as to annuities in the income tax statutes does not cover cases where an annuity is not in reality purchased, even though the transaction may be somewhat analogous to the purchase of an annuity. Helvering v. Butterworth, 290 U.S. 365, 369, 370, 54 S.Ct. 221, 78 L.Ed. 365. In the second place, the transaction involving transfer of assets by the Vacuum Oil Company and assumption of liabilities by Socony Vacuum Corporation was not an "annuity contract", except in a forced sense. Finally, there is utterly no basis in the facts for the claim that the sum of $79,186.46 or any other particular sum was paid by Vacuum Oil Company to Socony Vacuum Corporation as "aggregate premiums or consideration" for the latter's assumption of the obligation to pay the plaintiff $11,250 a year for life. Taxation is "an intensely practical matter". (Farmers' Loan & Trust Co. v. Minnesota, 280 U.S. 204, 212, 50 S.Ct. 98, 74 L.Ed. 371, 65 A.L.R. 1000), and there is no room for the unrealities embedded in the plaintiff's argument.

The undisputed facts presented by the moving papers show that the $11,250 received by the plaintiff in 1933 was taxable income and that the collector is entitled to judgment as matter of law. Summary judgment in favor of the defendant will be entered.