TREASURER OF PUERTO RICO, Petitioner *v.* TAX COURT OF PUERTO RICO, Respondent; DR. JOSÉ ÁNGEL FRANCO, Intervener.

No. 271. Argued August 26, 1952.—Decided October 9, 1952.

*Víctor Gutiérrez Franqui, Attorney General,* and *J. C. Santiago Matos, Assistant Attorney General,* for petitioner. *A. E. Franco Cabrero* for intervener, plaintiff in the main action.

Mr. Justice Pérez Pimentel delivered the opinion of the Court.

The question for decision herein is whether or not the pension received by Dr. José Ángel Franco Soto by a provision of Act No. 153, approved on May 9, 1945 (Sess. Laws, p. 520) and in force since the first of said month and year, is exempted from payment of income tax.

The facts involved herein are undisputed. They may be summarized as follows: Dr. José Ángel Franco Soto rendered medical services to the People of Puerto Rico for a period of 27 years, of which for 24 consecutive years he held the position of Director of the Tuberculosis Sanatorium of Río Piedras. In consideration and acknowledgment of these services to the People of Puerto Rico, our Legislature passed a special Act granting him a pension, upon retirement from active service, of a sum equal to three fourths of the salary which he might be drawing at the time of his retirement. This is Act No. 153, approved on May 9, 1945.[1] Before approving said Act, the Governor of Puerto Rico required proof of Doctor Franco Soto's age and of his physical condition by way of a certificate issued by the physician who certifies on the health conditions of the employees of the In-

---

[1] The complete text of Act No. 153 of 1945 reads as follows:

"Section 1.—Doctor J. A. Franco Soto has been serving The People of Puerto Rico for a period of twenty-seven years. When the surveys on anemia were started in Puerto Rico, he remained in said service for three years, together with Doctors Bailey K. Ashford, Gutiérrez Igaravídez and González Martínez. He has been holding the position of Director of the Tuberculosis Sanatorium of Río Piedras for twenty-four consecutive years, and after having rendered such meritorious work, he wishes to retire from active service.

"Section 2.—In consideration and acknowledgment of said long period of loyal and efficient services to The People of Puerto Rico, the Auditor and the Treasurer of Puerto Rico are hereby authorized and directed to pay to Doctor J. A. Franco Soto, upon retirement from active service, out of any funds in the insular treasury not otherwise appropriated, a sum to be paid monthly, equal to three-fourths of the salary which by law he may be drawing at the time of his retirement.

"Section 3.—All laws or parts of laws in conflict herewith are hereby repealed.

"Section 4.—This Act shall take effect May 1, 1945."

sular Government who intend to retire from service. At the time of the approval of the afore-mentioned Act No. 153, Doctor Franco Soto was 72 years old and because of his age and of the years of service he could have retired under the provisions of the General Retirement Act then in force, which was Act No. 23 of July 16, 1935, as amended. On June 14, 1945, Dr. Franco Soto presented his resignation as Director of the Tuberculosis Sanatorium of Río Piedras to be effective on the 30th of that same month and year[2] and he availed himself of the benefits of Act No. 153 of 1945.

In his income tax return corresponding to the taxable year 1947, Dr. Franco Soto claimed an exemption for the amount of $3,000 which he had received in said year as a pension granted by the afore-cited Act No. 153. The Treasurer of Puerto Rico rejected it and consequently served him a notice of deficiency for the aforesaid year amounting to $363.48. Feeling aggrieved, Dr. Franco Soto appealed before the Tax Court, which, after a hearing on the merits and based on the facts we have set forth, held in its decision

---

[2] The letter of resignation reads as follows:

Santurce, P. R., June 14, 1945.

From : Dr. A. Franco Soto
 Director of the Tuberculosis
 Sanatorium, Río Piedras, P. R.
To : Hon. Commissioner of Health
Through : Chief, Tuberculosis Bureau
Honorable sir:

Please accept my resignation as Director of the Tuberculosis Sanatorium of Río Piedras to be effective on June 30 of the instant.

My sole reason for resigning is to make effective Act No. 153 which grants my retirement as presented by Bill No. 191 of the House of Representatives approved by both Houses and signed by the Governor becoming thereby Act No. 153.

If there should arise any difficulty in putting Act No. 153 into effect, I waive this resignation.

Respectfully yours,
(signed) Dr. A. Franco Soto
Dr. A. FRANCO SOTO
Director
Tuberculosis Sanatorium
Río Piedras, P. R.

of June 20, 1950, that the pension granted to Dr. Franco Soto by virtue of Act No. 153 of 1945 was exempt from income tax. At the request of the Treasurer of Puerto Rico we issued a writ to review the decision of the Tax Court.

■ By virtue of Act No. 23 of July 16, 1935 which established the retirement of the employees of the Insular Government, it was expressly provided in its § 17 that the life annuities paid under said Act would be tax free. In the absence of said provision such annuity would be subject to the payment of income tax. It is so because compensation received for personal services constitutes taxable income under § 15(a)[3] of the Income Tax Act. See also cases cited in 27 Am. Jur. 339, footnote 19. It has been likewise held that retirement allowances constitute taxable income. *Hooker* v. *Hoey*, 27 F. Supp. 489, affirmed per curiam in 107 F. 2d 1016; *Jones* v. *Commissioner*, 2 T. C. 924; *Wolf* v. *Commissioner*, 8 T. C. 689; *Inland Steel Co.* v. *N.L.R.B.*, 170 F. 2d 247; Annotation 89 L. Ed. 840; Mertens' Federal Law of Income Taxation, § 8.09, p. 392.

■ The problem in this case hinges on that (a) intervener Doctor Franco Soto did not avail himself of the General Retirement Act although by reason of his age and of the years of service he could have done it and (b) the special Act granting him a pension by virtue of retirement —Act No. 153 of March 9, 1945—had no provision whatsoever as to whether or not said pension would be tax free.

The Tax Court decided that since Act No. 153 did not authorize the retirement of Doctor Franco under conditions other than those provided by the General Retirement Act, with the exception of the amount of the pension, "the nature and the public and social purposes of the pension received

---

[3] Said Section provides:

"The term 'gross income' includes gains, profits, and income derived from salaries, wages, or *compensation for personal service* (including in the case of the officers and employees of The People of Puerto Rico ... the compensation received as such), *of whatever kind and in whatever form paid...*" (Italics ours.)

by Dr. Franco are no different from the nature and the public and social purposes of the pensions granted by the Government by way of the general Act; and therefore, it would be unreasonable to hold that the former is taxable and the others are exempt." We do not agree. The pensions granted by the General Retirement Act of 1935, are not taxable by express provision of § 17 of said Act. To conclude that the pension granted to intervener by Act No. 153 is tax free by the reasons set forth by the court *a quo*, is tantamount to establishing, by inference, a tax exemption. It can not be done. We have repeatedly held that tax exemptions can not be inferred. *Buscaglia, Treas.* v. *Tax Court; Destileria Serrallés, Inc.*, 70 P.R.R. 210; *Ochoa Fertilizer* v. *Tax Court*, 68 P.R.R. 394; *Puerto Rico Ilustrado* v. *Buscaglia, Treas.*, 64 P.R.R. 871. On the other hand, when intervener availed himself of the special Act, he lost his right to the retirement under the provisions of Act No. 23 of July 16, 1935, while he is enjoying the benefits of the special Act. Section 12 (*a*) of the afore-cited Retirement Act as amended by Act No. 16 of September 22, 1948.[4] He can not, therefore, invoke the afore-cited Act of 1935.

 The Tax Court also held that "even assuming that there would not be an express tax exemption in the general Retirement Act there would still remain the fact that these pensions apparently would not constitute taxable income in the light of § 16 of the Income Tax Act," and cites in sup-

---

[4] Act No. 118 approved on May 12, 1943 added § 12 (*a*) to Act No. 23 of July 16, 1935. Said Section provided:

"Section 12 (*a*).—Every official or employee of the Insular Government of Puerto Rico who has availed himself of the benefits of Act No. 23, of July 16, 1935, as the same has been subsequently amended, and who has been granted a pension or retirement by virtue of special legislation and who may be enjoying the benefits of such special legislation, and who receives three-fourths (¾) of the salary he enjoyed, shall lose the right to retirement under the provisions of the said Act No. 23 of 1935, while he enjoys the benefits of the special Act, and also all right to have reimbursed to him the amount that he has contributed to the retirement fund and the interest thereon."

port of its contentions the case of *Buscaglia, Treas.* v. *Tax Court; Widow of Obén*, 70 P.R.R. 467.

At the outset we shall say that Act No. 153 granted intervener a pension in consideration and acknowledgment of a long period of loyal and efficient services to the People of Puerto Rico. Said pension constitutes therefore, compensation for services rendered.

In *Obén, supra,* a company granted a pension to the widow of an old employee of the former. The evidence in said case showed that the recipient of the pension never rendered personal services of any kind whatsoever to the company and that the company had no pension-plan for its employees nor was there any contractual obligation to pay a pension to their widows. We held that under such circumstances said pension constituted a gift exempted from the payment of income tax. We then stated that the controlling fact as to whether in a case of this nature there exists a compensation which constitutes income under the law, is the intention of the parties and especially of the party making the payment. We also held that even the dissenting opinion in *Bogardus* v. *Commissioner*, 302 U. S. 34, agrees in that "What controls is the intention with which payment, however voluntary, has been made. Has it been made with the intention that services rendered in the past shall be requited more completely, though full acquittance has been given? If so, it bears a tax. Has it been made to show good will, esteem, or kindliness toward

---

This Section was amended by Act No. 16 of September 22, 1948. The amendment consisted in eliminating the reference to three-fourths (¾) of the salary, and in substituting the word "benefit" for "pension." Said Section reads thus:

"Section 12 (*a*).—Every official or employee of the Insular Government of Puerto Rico who has availed himself of the benefits of Act No. 23, of July 16, 1935, as the same has been amended, and who is granted a benefit, pension, or retirement by virtue of special legislation and who may be enjoying the benefits of such special legislation, shall lose the right to retirement under the provisions of the said Act No. 23 of July 16, 1935, while he enjoys the benefits of the special Act, and shall also lose all right to have reimbursed to him the amount that he has contributed to the retirement fund, and any interest accrued thereon."

persons who happen to have served, but who are paid without thought to make requital for the service? If so, it is exempt." We then stated that the same rule followed to determine the distinction between compensation and gift is applicable to pension cases.

The Treasurer of Puerto Rico alleges that § 70 of the Income Tax Regulation[5] has suffered a change in interpretation by virtue of which it is understood that the operative factor for the tax exemption is not whether the taxpayer has rendered services, but whether the employer has received services.

Whatever be the interpretation we give to said provision of § 70 of the Regulation, the instant case does not fall within said provision, because here the taxpayer [Dr. Franco] rendered services and the same were received by the employer who granted him the pension [The People of Puerto Rico]. That was not the case in *Obén, supra*. From the very text of Act No. 153, which grants the pension to Doctor Franco, it is inferred that the intention of the lawmaker was to satisfy more fully the services already rendered by him. Therefore, and in the absence of an express provision of the legislator exempting it, said pension constitutes a taxable income.

The decision of the Tax Court will be set aside and a judgment rendered dismissing the complaint.

Mr. Chief Justice Todd, Jr., did not participate herein.

---

[5] Said Article insofar as pertinent provides:

"... However, so-called pensions awarded by one to whom no services have been rendered are mere gifts or gratuities and are not taxable."

See *Varnedoe* v. *Allen*, 158 F. (2d) 467; Cert. denied 330 U. S. 821, I. T. 3329 and I. T. 4027 as to the construction of the previous regulation. See also, Mertens' Federal Law of Income Taxation, Vol. 1, § 8.09, p. 239 (1952 Cumulative Pocket Supplement.)