**POLICE RETIREMENT SYSTEM of Kansas City, Missouri, et al., Respondents,**

v.

**KANSAS CITY, Missouri, and its Director of Finance, John M. Urie, Appellants.**

No. 58933.

Supreme Court of Missouri, Division No. 2.

Nov. 10, 1975.

Motion for Rehearing or to Transfer Denied Dec. 8, 1975.

Sam Mumma, Asst. City Atty., Kansas City, for appellants.

John A. Layton, Kansas City, for respondents.

William Gilmer, pro se.

FINCH, Presiding Judge.

The single issue involved in this appeal is whether the Police Retirement System of Kansas City (hereinafter Retirement System) is prohibited by provisions of the Missouri Constitution from making cost-of-living adjustments in pensions paid to police officers who had retired prior to the effective date of § 86.441, V.A.M.S. (Laws of 1972, p. 607), the statute authorizing payment of such cost-of-living adjustments. We have jurisdiction because the attack on the right of the Retirement System to make such adjustments involves interpretation of provisions of the Constitution of Missouri.

This case was submitted on a stipulation of facts which was supplemented by testimony of actuaries and investment counselors. The trial court held that the Retirement System legally could make such payments. We reverse and remand with directions.

The Retirement System exists by virtue of §§ 86.370 to 86.497 inclusive of Chapter 86,[1] most of which sections were enacted originally in 1945. These statutes create retirement systems for all cities of 300,000 to 700,000 population, establish formulas for pensions to be paid, and provide for actuarial studies and computations to determine contributions required to fund the system. The amount of contributions to be made by member policemen and by the city are fixed from time to time by the board of the Retirement System within those limits authorized by the statute. Presently, members contribute 7 per cent of their salaries and the City contributes 13 per cent of salaries paid. Policemen cease to contribute when they retire.

In 1972 the General Assembly amended Chapter 86 by adopting a new § 86.441, effective August 13, 1972. That section authorized cost-of-living adjustments, beginning January 1, 1972, to base pensions, including those being paid to members who had already retired.[2]

---

1. All statutory references are to RSMo 1969 unless otherwise indicated.

2. The full text of § 86.441 is as follows:
   "1. Any member who is retired or who retires on a pension subsequent to August 13, 1972, may receive each year, beginning January 1, 1972, in addition to his base pension, a cost-of-living adjustment in an amount not to exceed three percent of his base pension during any one year.
   "2. The cost-of-living adjustment shall be an increase or decrease computed on the base pension amount by using the consumer price index to determine the percentage of increase or decrease; provided, however, in no event shall the adjustment reduce the pension to an amount less than the base pension. The retirement board shall utilize the consumer price index for urban wage earners and clerical workers for Kansas City, Missouri, published by the Bureau of Labor Statistics, United States Department of Labor, in determining the percentage increment for such cost-of-living adjustment or, in the event such index is or becomes

Pursuant to authorization in § 86.441, the board of the Retirement System adopted rules and regulations for computation and payment of cost-of-living adjustments to base pensions as of January 1, 1973, including those being paid to members who had retired prior to August 13, 1972, and their surviving spouses. No change was made in the percentage being deducted from salaries of members or in the percentage being contributed by the City. Persons already retired were not required to make any financial contribution in order to qualify for this cost-of-living adjustment.

Although the board of the Retirement System did not request the City to increase its contribution for the purpose of covering these cost-of-living increases,[3] defendant Urie, on advice of counsel that payments to persons already retired were of doubtful legality, began to withhold and continues to withhold from the City's contribution to the retirement fund an amount said to be approximately equal to the sums the retirement fund would pay as cost-of-living adjustments to those who had retired prior to August 13, 1972.[4]

Subsequently, the Retirement System (later joined as plaintiffs by retired officers Gilmer and Harris as representative members of a class consisting of all persons who had retired prior to August 13, 1972, and were receiving benefits on that date) instituted this declaratory judgment action, seeking a determination that payment to members who retired before August 13, 1972, of cost-of-living adjustments in accordance with § 86.441 are lawful and not violative of provisions of the Constitution of Missouri. When the City filed its answer thereto, it tendered into court the funds being withheld but the trial court ordered the City instead to retain said funds in a segregated account pending final disposition of this case.

We consider first the contention of defendants that the proposed post-retirement cost-of-living adjustments to those officers who had retired prior to August 13, 1972, would violate Art. VI, § 25, Mo.Const., which provides as follows:

"No county, city or other political corporation or subdivision of the state, shall be authorized to lend its credit or grant public money or property to any private individual, association or corporation * * * except that the general assembly may authorize any * * * city * * * to provide for the retirement or pensioning of its officers and employees * * *."

In advancing this argument, the defendants assume that pensions are gratuities rather than compensation for services performed. Plaintiffs agree with that premise. Defendants base this character-

---

unavailable, the retirement board may select such other index as it in its discretion determines to be satisfactory.

"3. In determining and granting the cost-of-living adjustments, the retirement board shall adopt such rules and regulations that may be necessary to effectuate the purposes of this section including provisions for the manner of computation of such adjustments and the effective dates thereof. The retirement board shall provide for such adjustments to be determined once each year and granted on a date or dates to be chosen by the board and may apply such adjustments in full to members who have retired during the year prior to such adjustments but who have not been retired for one full year.

"4. '*Base pension*' as used in this cost-of-living adjustment section shall mean the pension computed under the provi-

sions of the law as of the date of retirement of the member without regard to cost-of-living adjustment. 'Member', as used in this section shall include surviving spouse. Added by Laws 1972, p. 607, H.B. No. 1307, § 1."

**3.** By testimony offered at the trial, the Retirement System sought to show that earnings and projected earnings of the fund, resulting from higher interest rates, would be ample to fund the cost-of-living adjustments which would be payable to members who retired prior to August 13, 1972.

**4.** Defendants City and Urie have made no attack on cost-of-living adjustments in pensions to members retiring after August 13, 1972, or the right of the Retirement System to make such adjustments and have not deducted any sums with reference thereto.

ization of pensions on cases such as *State ex rel. Heaven v. Ziegenhein,* 144 Mo. 283, 45 S.W. 1099 (banc 1898), and *State ex rel. Wander v. Kimmel,* 256 Mo. 611, 165 S.W. 1067 (1914), in both of which pensions were held to be gratuities. For example, in *Ziegenhein* this court considered the constitutionality of an act which required pensioning of an officer with twenty years service when the officer was injured in line of duty (and of his family when death resulted). The court held that such pensions were gratuities rather than a part of compensation for services rendered before retirement and that such gratuities were prohibited under Art. IV, § 47, Mo.Const.1875.

■ Art. VI, § 25, of the present Constitution, contains essentially the same language as appeared in Art. IV, § 47, Mo. Const.1875, except that a clause expressly authorizing the General Assembly to permit cities to provide for retirement or pensioning of its officers and employees has been added. Plaintiffs argue that the proposed post-retirement cost-of-living increases in pensions to previously retired policemen fall within that clause in Art. VI, § 25 authorizing city pensions. We disagree. The exception in Art. VI, § 25 speaks in terms of officers and employees, not *retired* officers and employees. When the officers in question retired from the police department, their pensions were determined and fixed in accordance with the then established applicable formulas. *Atchison v. Retirement Board of Police Retirement System of Kansas City,* 343 S.W.2d 25, 34 (Mo.1960). Assuming that such pensions constituted gratuities, additions thereto after their retirement, in the absence of a provision in Art. VI, § 25 or elsewhere in the Constitution which would authorize the establishment of pensions or of increases therein for employees already retired, Art. VI, § 25 is applica-

ble and the granting of the proposed cost-of-living adjustments to such persons is prohibited by it. Such a conclusion is in accord with the prevailing rule as shown by the following quotation from an annotation in 142 A.L.R. 938, 939 (1943):

"By the weight of authority, statutes or ordinances, so far as they attempt to grant pensions to persons who, at the time of their enactment, have already retired from public office, are unconstitutional as amounting to gratuities for private purposes."

As previously noted, the conclusion that pensions granted to previously retired employees are prohibited by Art. VI, § 25, is based on the premise that pensions are gratuities as held in *Ziegenhein.* However, there is authority for the proposition that pensions constitute deferred compensation for services previously performed and are not gratuities. In 60 Am.Jur.2d Pensions § 2, it is stated:

" * * * by modern usage, the term 'pension' is not restricted to pure gratuities. Thus, it has been held that a pension paid a governmental employee for long and efficient service is not an emolument, the payment of which is barred by a state constitutional provision, but is a deferred portion of the compensation earned for services rendered." [5]

Certain Missouri cases have recognized that there is confusion as to the nature of interests created by retirement and pension plans. See *State ex rel. Breshears v. Missouri State Employees' Retirement System,* 362 S.W.2d 571, 575 (Mo. banc 1962); *State ex rel. Phillip v. Public School Retirement System,* 364 Mo. 395, 262 S.W.2d 569, 576 (Mo. banc 1953); *Atchison v. Retirement Board of Police Retirement System of Kansas City,* 343 S.W.2d 25, 34 (Mo.1960).

5. Cases so holding include *Hooker v. Hoey,* 27 F.Supp. 489, 490 (S.D.N.Y.1939); *Ledwith v. Bankers Life Ins. Co.,* 156 Neb. 107, 54 N.W.2d 409, 417 (1952); *Retirement Bd. of Allegheny County v. McGovern,* 316 Pa. 161, 174 A. 400, 404 (1934). It also should be noted that payments from contributory pension systems are treated as payments for past services, not gratuities for tax purposes. *Heard v. Comm'r of Internal Revenue,* 326 F.2d 962 (8th Cir. 1964); *Miller v. Comm'r of Internal Revenue,* 144 F.2d 287 (4th Cir. 1944).

Recognizing that pensions are sometimes classified as deferred compensation, defendants assert that even if so treated, the proposed post-retirement cost-of-living adjustments for those who had retired before August 13, 1972, would violate Art. III, § 39(3), which states as follows:

"The general assembly shall not have power: * * * (3) to grant or to authorize any county or municipal authority to grant any extra compensation, fee or allowance to a public officer, agent, servant or contractor after service has been rendered or a contract has been entered into and performed in whole or in part; * * *."

Defendants point out that these proposed adjustments contemplate no additional services from the petitioners but will have as their sole justification those services which were rendered during their prior employment which has been terminated and for which these former employees' pension benefits have been fixed. Consequently, say defendants, such adjustments amount to "extra" or "add on" compensation for services previously rendered and violate Art. III, § 39(3). This issue was recognized but not resolved in *State ex rel. Breshears v. Missouri State Employees' Retirement System*, supra, for the reason that the court disposed of the case by holding that the proposed increase in pensions there contemplated was invalid under the provisions of Art. I, § 13, Mo.Const.

While not expressly ruled upon in any earlier Missouri case, the issue of whether increasing the pension of previously retired employees violates constitutional restrictions on granting additional compensation for services previously rendered has been considered in cases from other jurisdictions. In *Sonnabend v. City of Spokane*, 53 Wash.2d 362, 333 P.2d 918 (Wash. banc 1958), the court held that because Washington holds that retirement pensions paid to police officers constitute deferred com-

pensation, an attempt by a 1957 statute to raise those pensions after retirement was unconstitutional as granting extra compensation for services previously rendered.[6]

In *State ex rel. Thomson v. Giessel*, 262 Wis. 51, 52 N.W.2d 726 (1952), the court denied a writ of mandamus seeking to compel payment of additional retirement benefits to previously retired teachers, such a refusal being based on the proposition that such payment would violate a constitutional prohibition against extra compensation for services previously rendered.. The fact that the retirees would contribute an additional $100 to the retirement fund did not alter the result.

In *Jameson v. City of Pittsburgh*, 381 Pa. 366, 113 A.2d 454 (1955), taxpayers sought to enjoin any action pursuant to a statute which allowed payment of additional annuities to persons previously retired in exchange for a payment by the retiree of $200. The court held that when the employees retired, their contract rights as to annuities vested and those rights did not include entitlement to subsequent cost-of-living increases. Consequently, the payment thereof would constitute extra compensation for services previously rendered and was unconstitutional.

The conclusions reached in the foregoing Washington, Wisconsin and Pennsylvania cases are in harmony with the reasoning by this court in *Kizior v. City of St. Joseph*, 329 S.W.2d 605 (Mo.1959), wherein the City of St. Joseph had contracted with a garbage collection company to collect garbage for a ten year period at a stated annual fee. Thereafter, after a part of the ten year term had passed, the garbage collection company indicated that it would need more compensation and the City, by ordinance, sought to increase the annual fee to be paid without any real increase in duties or services to be performed. This court held that

---

**6.** In 1958 a constitutional amendment permitting raises in pensions previously granted was approved. See *Luders v. City of Spokane*, 57 Wash.2d 162, 356 P.2d 331 (Wash. banc 1960).

the proposed increase amounted to a grant of extra compensation under a contract previously executed and partially performed and was violative of Art. III, § 39(3). Similarly, if pensions are, in fact, deferred compensation, then adding thereto after retirement, in the absence of express authority therefor, constitutes "extra" or "add on" compensation and violates Art. III, § 39(3).

In this connection see also the observation in the nature of a caveat in *State ex rel. Sanders v. Cervantes,* 480 S.W.2d 888, 893 (Mo. banc 1972), as follows:

" * * * We find no constitutional barrier to relators' exercise of the power delegated to it by the general assembly as found in subparagraph 4 of paragraph 5 of Section 84.160 in so far as such action pertains to those officers and employees retiring after the effective date of Section 84.160. *Relators have not asked that we consider the validity of providing similar benefits to those having retired prior to such effective date. In that connection we mention Kizior v. City of St. Joseph, Mo., 329 S.W.2d 605; Atchison v. Retirement Board of Police Retire. System, Mo., 343 S.W.2d 25; State ex rel. Breshears v. Missouri State Employees' Retirement System, Mo., En Banc, 362 S.W.2d 571, and the Constitution of Missouri, 1945, Article III, Section 39, paragraph 3.*" (Emphasis supplied.)

■ Plaintiffs seek to avoid application of Art. VI, § 25 and Art. III, § 39(3) by arguing that the cost-of-living adjustments do not increase the pensions of those previously retired but seek only to offset inflation and its erosionary effect on the value of pensions by making limited cost-of-living adjustments to maintain the status quo and keep pensions at parity. Similar contentions were advanced in *Sonnabend, Giessel,* and *Jameson,* the Washington, Wisconsin and Pennsylvania cases previously discussed, but were rejected on the basis that the pensions or annuities previously granted and being paid were cast in terms of dollars, not purchasing power, and that proposed increases therein constituted extra compensation in violation of constitutional restrictions comparable to Art. III, § 39(3). We agree. To hold otherwise would mean that similar claims for adjustments in previously awarded contracts could and would be asserted on the basis that inflation authorized increases in contract price to compensate for inflationary factors. Such an increase was not upheld in *Kizior* and is not permissible here.

■ Plaintiffs next assert that Art. VI, § 25 and Art. III, § 39(3) are inapplicable on the basis that funds contributed to the Retirement System lose their identity as public funds when paid over to the Retirement System and commingled with its funds and assets and that payments therefrom are not from public funds. The rule is to the contrary. Such funds continue to be public funds to which the constitutional provisions in question are applicable. See *State ex rel. King v. Board of Trustees of Firemen's Pension Fund of Kansas City,* 192 Mo.App. 583, 184 S.W. 929, 933 (1916); *MacLeod v. Fernandez,* 101 F.2d 20, 25 (1st Cir. 1938); *State ex rel. Risch v. Board of Trustees Policemen's Pension Fund,* 121 Wis. 44, 98 N.W. 954, 956 (1954).

■ We hold that § 86.441, insofar as it applies to persons already retired on August 13, 1972, is unconstitutional and payments thereunder to persons already retired on that date are prohibited. In so holding, we need not and do not resolve the question of whether pensions are gratuities or deferred compensation. The parties have not undertaken to brief thoroughly the question of how pensions should be characterized and it is better to leave that issue until such time as it becomes a litigated issue. For purposes of deciding this case, it makes no difference which way they are characterized. If they are gratuities, the proposed adjustments violate Art. VI, § 25. If they are deferred compensation, they violate Art. III, § 39(3). Thus, in either event, the post-retirement payments attempted in this instance are not permissible.

**394**

We take note of the fact that both plaintiffs and defendants offered considerable testimony with reference to the economic situation, present and prospective, and whether income of the Retirement System from higher interest and dividend rates would be sufficient to pay proposed adjustments to previously retired persons without impairing obligations due other persons retiring. This evidence was offered for the purpose of establishing that this case is not governed by *State ex rel. Breshears v. Missouri State Employees' Retirement System, supra,* in which this court held that increasing pensions to persons previously retired adversely affected the rights of others entitled to pensions and violated Art. I, § 13. We do not undertake to resolve that question in this case, or to decide whether the evidence offered would sustain a different result than in *Breshears,* because it would make no difference in the outcome of this case.

In the prayer in their answer, plaintiffs ask that the impounded funds be returned to the City. They are not entitled to that relief because the sums withheld were taken from the 13 per cent of salaries which the City was obligated to contribute to the Retirement System before the question of post-retirement adjustments arose. Hence, the Retirement System is entitled to have such withheld funds distributed to it. Under our decision, they may not be utilized to pay adjustments which we hold to be impermissible.

The judgment is reversed and the cause remanded for entry of a judgment in accordance with the views herein expressed.

All of the Judges concur.