Mr. Warren M. Black Executive Secretary Public School Retirement System of Missouri Post Office Box 268 Jefferson City, Missouri 65101
Dear Mr. Black:
This is to acknowledge receipt of your request for an opinion from this office which reads as follows:
 "May an employer who is participating in the Non-Teacher School Employees' Retirement System of Missouri withhold from the Retirement System the employer's share of contributions for any full-time employee whose salary may be funded through the Comprehensive Employment and Training Act of 1973 (CETA) until such time as the employee becomes a vested member?
 "If the answer to the preceding question is no, may the Retirement System refund to the participating employer the employer's contributions attributable to any such employee who terminates his employment prior to the time the employee would become a vested member."
First of all, it should be noted that this opinion is applicable only to those full-time employees whose salaries are funded through the Comprehensive Employment and Training Act of 1973 (CETA).
In connection with the above, it is our understanding that the U.S. Department of Labor has announced regulations in regard to the use of certain employer contributions to public pension plans which are paid from Comprehensive Employment and Training Act (CETA) funds. It is further our understanding that these regulations became effective on October 1, 1977, but that a prime sponsor or eligible applicant which is in a state whose law prevents the implementation of procedures required by Section 98.25 of the regulations may request an extension. However, such extension may be granted only upon a showing by an opinion of the state attorney general that: (1) the state legislature must change or modify a particular state law or laws so that the prime sponsor or eligible applicant may comply with Section 98.25 of the regulations in its use of CETA funds; (2) the procedures of Section 98.25 of the regulations may not be legally implemented by order of the governor or by other executive authorities; (3) the necessary changes and modifications cannot be concluded by October 1, 1977.
With the above principles in mind, the statutes relating to the operation of the Non-Teacher School Employees' Retirement System of Missouri are found in Sections 169.600 through 169.670, of the Missouri Revised Statutes. In this regard, the terms "employee" and "employer" are defined in part in subsections (4) and (5) of Section 169.600, RSMo Supp. 1975, as follows:
 "(4) `Employee', any person regularly employed by a public school district, junior college district or by the board of trustees, as defined in sections 169.600 to 169.710, who devotes at least twenty hours per week to such employment in a position which is not covered by the public school retirement system of Missouri; provided, however, that no person shall be entitled to, or required to contribute to, or to receive benefits under, both the retirement system herein established and the public school retirement system of Missouri for the same services;
 "(5) `Employer', the district or other employer that makes payment directly to the employee for his services;"
In addition to the above, subsection 1 of Section 169.620, RSMo Supp. 1975, provides in part that the funds required for the operation of the Retirement System created by Sections 169.600
to 169.710 shall come from contributions made in equal amounts by employees and their employers. Subsection 2 of Section 169.620, RSMo Supp. 1975, provides that every employer of one or more persons who are members of the system shall transmit to the board of trustees before the end of such school year, twice the amount that is deductible from the pay of such employee or employees during the school year. Failure or refusal to transmit such amount as required shall render the person or persons responsible, therefore, individually liable for twice the amount so withheld. Criminal penalties may also be applicable. Lastly, subsection 5 of Section 169.620, RSMo Supp. 1975, provides that regardless of the provisions of any law governing compensation and contracts, every employee shall be deemed to consent and agree to the deductions provided therein.
As a result of the above statutory conclusions, we conclude that if an employer is participating in the Non-Teacher School Employees' Retirement System of Missouri then the individual employee of said employer, if otherwise eligible, is required to participate in the Non-Teacher Employees' Retirement System of Missouri and the employer may not withhold from the Retirement System the employer's share of contributions for full-time employees whose salaries are funded through the Comprehensive Employment and Training Act of 1973 (CETA). In so holding, we need not and do not resolve the question of whether or not retirement benefits as to this Retirement System are gratuities or deferred compensation. See Police Retirement System of KansasCity, Missouri v. City of Kansas City, Missouri, 529 S.W.2d 388
(Mo. 1975). Further, we are of the view that the procedures of Section 98.25 of the regulations may not be legally implemented by an order of the governor, the reason being that an executive order is not a "law". See State ex rel. McKittrick v. MissouriPublic Service Commission, 175 S.W.2d 857, 861 (Mo.Banc 1943).
In response to your second question, the statutory provisions relating to employer's contributions as previously referred to, are found in Section 169.620, RSMo Supp. 1975. In reviewing these statutory provisions, we find no authority for the Non-Teacher School Employees' Retirement System of Missouri to refund to an employer the employer's contributions attributable to any employee who terminates his employment prior to the vesting of his benefits.
CONCLUSION
It is the opinion of this office that:
1. An employer who is participating in the Non-Teacher School Employees' Retirement System of Missouri may not withhold from the Retirement System the employer's share of contributions for full-time employees whose salaries are funded through the Comprehensive Employment and Training Act of 1973.
2. The Non-Teacher School Employees' Retirement System of Missouri may not refund to an employer the employer's contributions attributable to any such employee who terminates his employment prior to the vesting of his benefits.
The foregoing opinion, which I hereby approve, was prepared by my assistant, B. J. Jones.
Very truly yours,
 JOHN ASHCROFT Attorney General