FILED 196
Honorable Thomas M. Keyes State Auditor State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Keyes:
This is to acknowledge receipt of your request for a formal opinion of this office which reads as follows:
 "May a political subdivision which is a member of the Missouri Local Government Employees' Retirement System (LAGERS) withhold from LAGERS the employer's share of contributions for full-time employees whose salaries and fringe benefits are funded through the Comprehensive Employment and Training Act of 1973 (CETA) until such time as the benefits for such employees vest?
 "If the answer to the preceding question is no, may LAGERS refund to the political subdivision the employer's contributions attributable to any such employee who terminates his employment prior to the vesting of his benefits?"
First of all, it should be noted that this opinion is applicable only to those full-time employees whose salaries are funded through the Comprehensive Employment and Training Act of 1973 (CETA). In addition, by the term "fringe benefits" the assumption is made that you are referring to retirement benefits.
In the opinion request, it is indicated that announced regulations of the U.S. Department of Labor regarding the use of Comprehensive Employment and Training Act (CETA) monies require a reserve funding method to be applied to contributions for retirement benefits. Under such method, employer contributions paid from CETA funds must be set aside in a separate reserve account and may be transferred into the retirement system only if the employee's benefits become vested or the employee becomes an unsubsidized employee (no longer paid using CETA funds). It is further our understanding that these regulations became effective on October 1, 1977, but that a prime sponsor or eligible applicant which is in a state whose law prevents the implementation of procedures required by Section 98.25 may request an extension. However, such extension may be granted only upon a showing by an opinion of the State Attorney General that: (1) the state legislature must change or modify a particular state law or laws so that the prime sponsor or eligible applicant may comply with Section 98.25 of the regulations in its use of CETA funds; (2) the procedures of Section 98.25 of the regulations may not be legally implemented by order of the Governor or by other executive authorities; and (3) the necessary changes and modifications cannot be completed by October 1, 1977.
With the above principles in mind, the statutes relating to the operation of Local Government Employees' Retirement System, commonly referred to as LAGERS, are found in Sections 70.600
through 70.760, of the Missouri Revised Statutes. In this regard, the terms "employee" and "employer" are defined in part in subsections (10) and (11) of Section 70.600, RSMo Supp. 1975, as follows:
 "(10) `Employee', any person regularly employed by a political subdivision who receives compensation from the political subdivision for personal services rendered the political subdivision, . . .
 "(11) `Employer', any political subdivision which has elected to have all its eligible employees covered by the system;"
Similarly, the composition of the membership of LAGERS, is set forth in Section 70.630, RSMo Supp. 1975, and provides in part as follows:
 "1. The membership of the system shall include the following persons:
 (1) All employees who are neither policemen nor firemen who are in the employ of a political subdivision the day preceding the date such political subdivision becomes an employer and who continue in such employ on and after such date shall become members of the system.
 (2) All persons who become employed by a political subdivision as neither policemen nor firemen on or after the date such political subdivision becomes an employer shall become members of the system."
As a result of the above-statutory provisions, we conclude that if a political subdivision elects to have all its eligible employees covered by LAGERS, then the individual employee is required to participate in LAGERS and the political subdivision may not withhold from LAGERS the employer's share of contributions for full-time employees whose salaries and fringe benefits are funded through CETA. In so holding, we need not and do not resolve the question of whether or not retirement benefits as to this retirement system are gratuities or deferred compensation. SeePolice Retirement System of Kansas City v. City of Kansas City,Missouri, 529 S.W.2d 388 (Mo. 1975). Further, we are of the view that the procedures of Section 98.25 of the regulations may not be legally implemented by an order of the Governor, the reason being that an executive order is not a "law." See State ex relMcKittrick v. Missouri Public Service Commission, 175 S.W.2d 857,861 (Mo. Banc 1943).
In response to your second question, the statutory provisions relating to employer's contributions are found in Section 70.730, RSMo 1969. In reviewing these statutory provisions, we find no authority for LAGERS to refund to a political subdivision the employer's contributions attributable to any employee who terminates his employment prior to the vesting of his benefits.
CONCLUSION
It is the opinion of this office that:
1. A political subdivision which is a member of the Missouri Local Government Employees' Retirement System (LAGERS) may not withhold from LAGERS the employer's share of contributions for full-time employees whose salaries are funded through the Comprehensive Employment and Training Act of 1973.
2. The Missouri Local Government Employees' Retirement System (LAGERS) may not refund to a political subdivision the employer's contributions attributable to any such employee who terminates his employment prior to the vesting of his benefits.
The foregoing opinion, which I hereby approve, was prepared by my assistant, B. J. Jones.
Yours very truly,
 JOHN ASHCROFT Attorney General