Mr. Edwin M. Bode Executive Secretary Missouri State Employees' Retirement System 900 Leslie Boulevard Jefferson City, Missouri 65101
Dear Mr. Bode:
This is to acknowledge receipt of your request for a formal opinion from this office which reads as follows:
 "May any employer participating in the Missouri State Employees' Retirement System withhold from the Retirement System the employer's share of contributions for any full-time employee whose salary and fringe benefits may be funded through the Comprehensive Employment and Training Act of 1973 (CETA) until such time as the individual employee becomes vested?
 "If the answer to the preceding question is no, may the Missouri State Employees' Retirement System refund to the individual employer the employer's contributions attributable to any such employee who terminates his employment prior to vesting?"
First of all, it should be noted that this opinion is applicable only to those full-time employees whose salaries are funded through the Comprehensive Employment and Training Act of 1973 (CETA). In addition, by the term "fringe benefits" the assumption is made that you are referring to those employees who are participating in the Missouri State Medical Care Plan.
In connection with the above, it is our understanding that the U.S. Department of Labor has announced regulations in regard to the use of certain employer contributions to public pension plans which are paid from Comprehensive Employment and Training Act (CETA) funds. It is further our understanding that these regulations became effective on October 1, 1977, but that a prime sponsor or eligible applicant which is in a state whose law prevents the implementation of procedures required by Section 98.25 may request an extension. However, such extension may be granted only upon a showing by an opinion of the State Attorney General that: (1) the state legislature must change or modify a particular state law or laws so that prime sponsor or eligible applicant may comply with Section 98.25 in its use of CETA funds; (2) the procedures of Section 98.25 of the regulations may not be legally implemented by order of the Governor or by other executive authorities; and (3) the necessary changes and modifications cannot be completed by October 1, 1977.
With the above principles in mind, the statutes relating to the operation of the Missouri State Employees' Retirement System are found in Sections 104.310 through 104.550, of the Missouri Revised Statutes. In this regard, the terms "employee" and "employer" are defined in part in subsections (15) and (16) of Section 104.310, RSMo Supp. 1975, as follows:
 "(15) `Employee', any elective or appointive officer or employee of the state who is employed by a department and earns a salary or wage in a position normally requiring the actual performance by him of duties during not less than one thousand five hundred hours per year, . . .
"(16) `Employer', a department;"
In addition to the above, the term "department" is defined in subsection (11) of Section 104.310, as follows:
 "`Department', any department, institution, board, commission, officer, court or any agency of the state government receiving state appropriations including allocated funds from the federal government and having power to certify payrolls authorizing payments of salary or wages against appropriations made by the federal government or the state legislature from any state fund, or against trusts or allocated funds held by the state treasurer;"
It should also be noted that under the provisions of subsection (1) of Section 104.372, RSMo Supp. 1975, no payroll deduction is made from the compensation of any employee for the Missouri State Employees' Retirement Fund after August 31, 1972, with certain exceptions that are not applicable. Similarly, under the provisions of subsection (1) of Section 104.370, RSMo Supp. 1975, the Board of Trustees of the Missouri State Employees' Retirement System certifies to the Division of Budget an actuarially determined estimate of the amount which will be necessary during the next biennial or appropriation period to pay all liabilities including costs of administration which shall exist or accrue under Sections 104.310 to 104.550 during such period. Subsequently, the Commissioner of Administration requests appropriation of the amount calculated under the provisions of subsection (1), and thereafter the Commissioner of Administration monthly certifies the payment to the Secretary of the Missouri State Employees' Retirement System. Lastly, under the provisions of subsection (5) of Section 104.515, RSMo Supp. 1975, commencing on September 1, 1976, the state of Missouri contributes twelve dollars per month per employee who is a member of the Missouri State Employees' Retirement System to the Missouri State Medical Care Plan, whether or not that employee actually participates in the Missouri State Medical Care Plan.
In connection with the above, it is our understanding that the state of Missouri and various agencies participate in the Comprehensive Employment and Training Act program which is administered by the Office of Manpower Planning in the Department of Social Services. The Office of Manpower Planning in turn subcontracts the operation of this program to the Division of Employment Security. It is further our understanding that when U.S. Treasury checks are received from the Regional Office, U.S. Department of Labor, Kansas City, Missouri, as grants under the Comprehensive Employment and Training Act program, these funds are deposited to the Unemployment Compensation Administration Fund in the State Treasury. Subsequently, payrolls are received in the office of Division of Employment Security from each state agency participating in the program. These payrolls are then consolidated into one payroll by that office and forwarded to the State Comptroller for payment. Thereafter the Unemployment Compensation Administration Fund is then charged with the payroll costs along with the employer's share of social security, state retirement costs, and Missouri State Medical Care Plan costs.
Upon review of the foregoing statutory provisions and the operation of the Comprehensive Employment and Training Act program, it is first of all our view that employees who are working under the provisions of the Comprehensive Employment and Training Act program are eligible to participate in the Missouri State Employees' Retirement System. For a similar interpretation, see attached Attorney General's Opinion No. 3, 10-7-57, Atterbury and Opinion Letter No. 191, 6-23-72, Bode. Under such circumstances, it is further our view that these particular employees are required to participate in the Missouri State Employees' Retirement System and that the individual employer may not withhold from the Retirement System or the Missouri State Medical care Plan the employer's share of contributions or medical care payments for full-time employees whose salaries and fringe benefits are funded through the Comprehensive Employment and Training Act of 1973 (CETA). In so holding, we need not and do not resolve the question of whether or not retirement benefits as to this Retirement System are gratuities or deferred compensation. See Police RetirementSystem of Kansas City v. City of Kansas City, Missouri, 529 S.W.2d 388
(Mo. 1975). Further, we are of the view that the procedures of Section 98.25 of the regulations may not be legally implemented by an order of the Governor, the reason being that an executive order is not a "law." See State ex rel. McKittrick v. MissouriPublic Service Commission, 175 S.W.2d 857, 861 (Mo. Banc 1943).
In response to your second question, the statutory provisions relating to employer's contributions are found in Section 104.370. In reviewing these statutory provisions, we find no authority for the Missouri State Employees' Retirement System to refund to an employer the employer's contributions attributable to any employee who terminates his employment prior to the vesting of his benefits.
CONCLUSION
It is the opinion of this office that:
1. An employer which is participating in the Missouri State Employees' Retirement System may not withhold from the Retirement System the employer's share of contributions for full-time employees whose salary and fringe benefits are funded through the Comprehensive Employment and Training Act of 1973 (CETA) until such time as the benefits for such employees vest.
2. The Missouri State Employees Retirement System may not refund to an employer the employer's contributions attributable to any such employee who terminates his employment prior to the vesting of his benefits.
The foregoing opinion, which I hereby approve, was prepared by my assistant, B. J. Jones.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 3 Atterbury, 10-7-57
 Op. Ltr. No. 191 Bode, 6-23-72