Donnell HAYES, Appellant,

v.

SHOW ME BELIEVERS, INC., Respondent.

No. SC 87264.

Supreme Court of Missouri, En Banc.

May 30, 2006.

Daniel J. McMichael, Lopa M. Blumenthal, Chesterfield, for Appellant.

Richard D. Sabbert, St. Charles, for Respondent.

RICHARD B. TEITELMAN, Judge.

Donnell Hayes filed suit against Show Me Believers, Inc., alleging that Show Me discharged him in violation of section 287.780, RSMo 2000, after discovering that Hayes had filed a workers' compensation claim against his former employer. The circuit court entered summary judgment against Hayes, finding that section 287.780 applied only in cases where the discharge stemmed from filing a workers' compensation claim against the current employer.

Section 287.780 provides, without limitation, that "no employer" can discharge any employee for exercising any of his or her rights under the workers' compensation law. The judgment is reversed, and the case is remanded.

### FACTS

Hayes was employed as a football player in 2001 and 2002 and played for the River City Renegades. Hayes was injured while playing football for the Renegades.

In March 2002, Hayes signed a contract to play for Show Me during the 2003 season. In July 2002, Hayes filed workers' compensation claims for injuries sustained while employed by the Renegades. Show Me discharged Hayes in April 2004.

Hayes filed the instant suit, alleging that Show Me discharged him because he had filed workers' compensation claims against the Renegades. Hayes further alleged that Show Me believed that he posed an insurance risk and that he might file a claim against Show Me.

The circuit court sustained Show Me's motion for summary judgment. Hayes appeals.

## ANALYSIS

### I. Standard of Review

The standard of review on appeal regarding summary judgment is essentially de novo. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment will be upheld on appeal if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Id.*

### II. Section 287.780

■ Section 287.780 RSMo provides that:

No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action against his employer.

■ "Workers' compensation law is entirely a creature of statute, and when interpreting the law the court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible." *Greenlee v. Dukes Plastering Service*, 75 S.W.3d 273, 276 (Mo. banc 2002). The plain language of section 287.780 provides, without limitation, that "no employer" can discharge any employee for exercising any of his or her rights under the workers' compensation law. The plain language of the statute does not include any limitation as to which employers are barred from discharging an employee for exercising his or her rights under the workers' compensation law. Under the statute, "no employer" can discriminate against or discharge employees for exercising their legal rights. Show Me falls within the ambit of the section 287.780.

Show Me relies on *Hansome v. Northwestern Cooperage Co.*, 679 S.W.2d 273 (Mo. banc 1984), to avoid the plain language of section 287.780. In *Hansome*, this Court stated that recovery under section 287.780 has four elements: "(1) plaintiff's status as an employee of defendant before injury, (2) plaintiff's exercise of a right granted by Chapter 287, (3) employer's discharge of or discrimination against plaintiff, and (4) an exclusive causal relationship between plaintiff's actions and defendant's actions." *Id.* at 275. Show Me argues that Hayes did not meet the first element of section 287.780 as set forth in *Hansome* because Hayes was not an employee of Show Me before the injury and did not assert his workers' compensation claims against Show Me.

The *Hansome* case is factually distinguishable and did not address the issue in this case. In *Hansome*, the plaintiff was employed by the defendant at the time of the injury. The dispositive issue on appeal was whether the employee's exercise of his rights under the workers' compensation law was the cause of his discharge from employment. Consequently, the statement in *Hansome* that the plaintiff must be employed by the defendant prior to the injury was not necessary to the resolution of the issue on appeal and does not constitute a holding of this Court. The statement was dicta that reflected the facts of that case, but not the plain language of

section 287.780 as it applies to the facts of Hayes' case.

Section 287.780 does not condition an employee's protections under the statute on the employee's status as an employee of defendant before an injury that results in a workers' compensation claim. The statute permits employees in Hayes' position to file suit against an employer alleging that the employer discharged them for previously filing a workers' compensation claim against a former employer.

At this stage of litigation, Show–Me has not demonstrated that it is entitled to judgment as a matter of law. Therefore, the judgment is reversed, and the case is remanded [1].

All concur.

---

[1]. Because Hayes' point regarding the plain language of section 287.780 is dispositive, there is no need to address Hayes' argument that Show Me was a successor corporate entity to the Renegades.