Robert H. SIHNHOLD, Appellant,

v.

**MISSOURI STATE EMPLOYEES' RETIREMENT SYSTEM,**
Respondent.

No. SC 88813.

Supreme Court of Missouri,
En Banc.

April 1, 2008.

---

Jay Angoff, Roger G. Brown, Jefferson City, for appellant.

Allen D. Allred, Jeffrey R. Fink, Thompson Coburn, LLP, St. Louis, for respondent.

RICHARD B. TEITELMAN, Judge.

Robert Sihnhold served as an administrative law judge (ALJ) for eighteen years. He is a member of the state ALJ retirement plan administered by the Missouri State Employees' Retirement System (MOSERS). When Mr. Sihnhold's employment as an ALJ terminated in 1989, section 287.815 provided that an ALJ could begin receiving retirement benefits at the age of sixty-five. In 1999, section 287.815 was amended to reduce the age of eligibility for benefits to sixty-two. Mr. Sihnhold filed a declaratory judgment action against MOSERS alleging that he is entitled to retirement benefits at the age of sixty-two pursuant to the 1999 amendment to section 287.815. The circuit court entered summary judgment for MOSERS. The court held that application of the amended version of section 287.815 would be an unconstitutional grant of extra compensation to Mr. Sihnhold under article III, sections 38(a) and 39(3) of the Missouri Constitution. The judgment is affirmed.

### ANALYSIS

#### I. STANDARD OF REVIEW

■ The standard of review for an appeal from summary judgment is essentially de novo. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The Court will uphold summary judgment if "there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." *Hayes v. Show Me Believers, Inc.*, 192 S.W.3d 706, 707 (Mo. banc 2006).

#### II. SECTION 287.815

When Mr. Sihnhold's employment as an ALJ terminated in 1989, section 287.815 provided that "[a]ny person, sixty-five years of age or older, who has served ...

in this state for an aggregate of twelve years ... as an administrative law judge ... shall receive benefits." As amended in 1999, the current version of section 287.815 provides that "any person, sixty-two years of age or older ... shall receive benefits." The issue is whether eligibility for benefits is governed by the amended statute or, as MOSERS asserts, by the statute in effect when Mr. Sihnhold's employment terminated.

### III. THE MISSOURI CONSTITUTION PROHIBITS RETROACTIVE APPLICATION OF SECTION 287.815

Article III, section 39(3) of the Missouri Constitution provides that "[t]he general assembly shall not have power ... (3)[t]o grant ... any extra compensation, fee or allowance to an officer, agent, servant, or contractor after service has been rendered." Mo. CONST. art. III, § 39(3). Article III, section 38(a) provides that "[t]he general assembly shall have no power to grant public money or property ... to any private person...." Mo. CONST. art. III, § 38(a).

There are two principal cases that apply the foregoing constitutional provisions in circumstances similar to this case. The first case, *State ex rel. Cleaveland v. Bond*, 518 S.W.2d 649 (Mo.1975), involved a retired judge who sought retirement benefits under a statute enacted after his retirement. As of the date of his retirement, the judge was not entitled to benefits. *Id.* at 651. Subsequently, a new statute was enacted that created a retirement plan for judges and purported to make the benefits available to previously retired judges. *Id.* The Court rejected the retired judge's claim for benefits because "[t]he only possible justification for including him would be on some theory of reward for past services rendered, which would constitute the grant of extra compensation to a private individual for a service that had been rendered, or in other words a gratuity." *Id.* at 654. The provisions of the statute that retroactively granted benefits to previously retired judges were held unconstitutional under article III, sections 38(a) and 39(3). *Id.* at 654.

The second case, *Police Retirement System of Kansas City v. Kansas City*, 529 S.W.2d 388 (Mo.1975), involved a suit by retired police officers seeking cost-of-living adjustments based upon a statute passed subsequent to their retirement. The Court held that the statute was unconstitutional because it constituted a grant of "extra" or "add on" compensation in violation of article III, section 39(3). *Id.* at 393.

The rationale of the *Cleaveland* and *Police Retirement System* cases demonstrates that a retroactive award of three years of extra pension benefits to Mr. Sihnhold would be unconstitutional. When Mr. Sihnhold's employment terminated in 1989, section 287.815 provided that he would become eligible for benefits at the age of sixty-five. If the 1999 amendment is applied and Mr. Sihnhold is deemed eligible for benefits at age sixty-two, he would obtain three extra years of compensation to which he was not entitled at the time he rendered his services. Consequently, the circuit court was correct to hold that application of the amended version of section 287.815 to Mr. Sihnhold would constitute a grant of extra compensation in violation of article III, sections 38(a) and 39(3).

### IV. OTHER ARGUMENTS

In order to avoid application of the limitations in article III, sections 38(a) and 39(3), Mr. Sihnhold argues in his second point that the amended version of section 287.815 is applicable because the legislature has the authority to enact a statute that waives the right of the state to object

to retrospective application of a new statute. Mr. Sihnhold asserts that *Savannah R–III School District v. Public School Retirement System of Missouri,* 950 S.W.2d 854 (Mo. banc 1997), supports his argument. In *Savannah R–III,* the Court noted that the article I, section 13 ban on retrospective laws is intended to protect citizens and, as a result, does not prevent the legislature from passing laws that waive the rights of the state or its political subdivisions. *Id.* at 858. The *Savannah R–III* case does not address the separate constitutional limitations found in article III, sections 38(a) and 39(3) that are at issue in this case. Unlike article I, section 13, article III, sections 38(a) and 39(3), expressly prohibit the general assembly from awarding extra compensation for services already rendered. The general assembly cannot waive express limitations on its power.

In his third and final point on appeal, Mr. Sihnhold argues that he should be treated as a "special consultant" not subject to the limitations in article III, sections 38(a) and 39(3). Mr. Sihnhold relies on *State ex rel. Dreer v. Public School Retirement System of the City of St. Louis,* 519 S.W.2d 290 (Mo.1975), in which the Court held that a statute permitting former employees to be employed as "special consultants" in order to increase their retirement compensation did not violate article III, sections 38(a) and 39(3). This argument is without merit because there is no statute that allows Mr. Sihnhold to be employed as a special consultant.

### CONCLUSION

The circuit court held correctly that article III, sections 38(a) and section 39(3) bar application of the 1999 amendment to section 287.815 and that Mr. Sihnhold's eligibility for retirement benefits is governed by the version of section 287.815 in effect when his employment as an ALJ was terminated. The judgment is affirmed.

All concur.